**Aimee FITZGERALD, Joseph T. Fitzgerald, William A. Gage, Gerard Shea, H. William Van Allen, Christopher Earl Strunk, and "Non–Affiliated Voters Party," Plaintiffs–Appellants,**

v.

**Carol BERMAN, Neil W. Kelleher, Helena Moses Donohue, Evelyn J. Aquila, and the New York State Board of Elections, Defendants–Appellees.**

No. 03–9072–CV.

United States Court of Appeals, Second Circuit.

Nov. 22, 2004.

H. William Van Allen, Hurley, New York, for Appellant, pro se.

Patricia L. Murray, Deputy Counsel, NYS Board of Elections, Albany, New York, for Appellee.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

## SUMMARY ORDER

Aimee Fitzgerald, Joseph T. Fitzgerald, William A. Gage, Gerard Shea, H. William Van Allen, Christopher Earl Strunk, and the "Non-affiliated Voters Party" ("Appellants") appeal from a judgment entered on September 30, 2003 in the United States District Court for the Northern District of New York (Mordue, *J.*). We assume that the parties are familiar with the facts, the procedural context, and the issues on appeal.

Appellants argue first that the district court erred in denying their request for declaratory judgment. We review the denial of declaratory relief *de novo*. *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 736–37 (2d Cir.1992). The district court properly held that the issue raised by appellants—whether appellees must allow the Non-affiliated Voters Party ("NVP") to hold open primary elections if and when it attains party status—is not a question of "sufficient immediacy and reality to warrant declaratory relief." *In re Prudential Lines Inc.*, 158 F.3d 65, 70 (2d Cir.1998) (quotation omitted). However, it should be noted that appellees have conceded that if the NVP attains party status, it "would indeed be a violation of constitutionally protected rights" to deny it the right to hold open primaries.

Appellants also argue that the district court erred in holding that they lacked standing to pursue their request for a pre-

liminary injunction. We review the question of whether a party has standing *de novo*. *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir.2004). The district court properly found that the injuries claimed by appellants are speculative and therefore fail to satisfy the requirement that a plaintiff in federal court allege an injury that is "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.